Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Alan G. Laquer (SBN 259257)
alan.laquer@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOMADIX, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>HOSPITALITY CORE SERVICES LLC, d/b/a BLUEPRINT RF,<br><br>  Defendant. | Civil Action No. 2:14-CV-08256<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 6,636,894; 6,868,399; 7,698,432; 7,953,857; 8,156,246; 8,266,266; 8,266,269; 8,364,806; 8,725,888; AND 8,788,690**<br><br>**and**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Nomadix, Inc. ("Nomadix") hereby complains of Defendant Hospitality Core Services LLC and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint states causes of action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and, more particularly, 35 U.S.C. §§ 271 and 281. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. On information and belief: Defendant conducts business throughout the United States, including in this judicial district, and it has committed the acts complained of in this judicial district and elsewhere. Defendant has installed one or more Blueprint RF Dominion gateways at one or more hotels in California and in the Central District of California in particular. Defendant provides ongoing support services for its installed devices. Defendant also does business with computer-network companies located in California, including at least one company headquartered in Carson, California. Defendant also purchased floor space at HITEC 2014 (the Hospitality Industry Technology Exposition and Conference), which took place in June 2014 at the Los Angeles Convention Center. From its booth at HITEC 2014, Defendant promoted its products and services, including its Blueprint RF Dominion gateways.

3. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(c).

## PARTIES

4. Nomadix is a Delaware corporation having its principal place of business at 30851 Agoura Road, Suite 102, Agoura Hills, California 91301.

5. On information and belief: Defendant is a Georgia limited liability company doing business as Blueprint RF and having its principal place of business at 5555 Oakbrook Parkway, Suite 640, Norcross, Georgia 30093. In the paragraphs that follow, "Blueprint RF" refers to Defendant.

-1-

## ALLEGATIONS FOR ALL CLAIMS

6. On October 21, 2003, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 6,636,894 ("the '894 patent"), titled "Systems and Methods for Redirecting Users Having Transparent Computer Access to a Network Using a Gateway Device Having Redirection Capability." Reexamination of the '894 patent was requested on or around September 24, 2004. As part of the reexamination proceedings, the PTO issued a reexamination certificate confirming all claims of the '894 patent.

7. On March 15, 2005, the PTO issued U.S. Patent No. 6,868,399 ("the '399 patent"), titled "Systems and Methods for Integrating a Network Gateway Device with Management Systems."

8. On April 13, 2010, the PTO issued U.S. Patent No. 7,698,432 ("the '432 patent"), titled "Systems and Methods for Dynamic Bandwidth Management on a Per Subscriber Basis in a Communications Network."

9. On May 31, 2011, the PTO issued U.S. Patent No. 7,953,857 ("the '857 patent"), titled "Systems and Methods for Dynamic Data Transfer Management on a Per Subscriber Basis in a Communications Network."

10. On April 10, 2012, the PTO issued U.S. Patent No. 8,156,246 ("the '246 patent"), titled "Systems and Methods for Providing Content and Services on a Network System."

11. On September 11, 2012, the PTO issued U.S. Patent No. 8,266,266 ("the '266 patent"), titled "Systems and Methods for Providing Dynamic Network Authorization, Authentication and Accounting."

12. On September 11, 2012, the PTO issued U.S. Patent No. 8,266,269 ("the '269 patent"), titled "Systems and Methods for Providing Content and Services on a Network System."

13. On January 29, 2013, the PTO issued U.S. Patent No. 8,364,806 ("the '806 patent"), titled "Systems and Methods for Providing Content and Services on a Network System."

14. On May 13, 2014, the PTO issued U.S. Patent No. 8,725,888 ("the '888 patent"), titled "Systems and Methods for Providing Content and Services on a Network System."

15. On July 22, 2014, the PTO issued U.S. Patent No. 8,788,690 ("the '690 patent"), titled "Systems and Methods for Providing Content and Services on a Network System."

16. Nomadix owns the '894, '399, '432, '857, '246, '266, '269, '806, '888 and '690 patents ("the Asserted Nomadix Patents").

17. Nomadix has marked gateway devices it has manufactured and sold under the Asserted Nomadix Patents in a manner that complies with 35 U.S.C. § 287(a).

18. By no later than March 25, 2014, Nomadix gave Blueprint RF written notice that Blueprint RF infringes the '894, '399, '246, '266, '269, and '806 patents. On information and belief: for each of the of the '432, '857, '888, and '690 patents, Blueprint RF has had knowledge of the patent since at least as early as around March 25, 2014, or the issue date of the patent.

19. Despite being aware of the Asserted Nomadix Patents and their relevance to Blueprint RF's products, Blueprint RF has continued to infringe those patents.

20. On information and belief: Blueprint RF has made, offered for sale, sold, and used Blueprint RF Dominion gateways within the United States.

21. Blueprint RF's Dominion gateways communicate with networking devices, including user devices, and they integrate with management systems.

# FIRST CLAIM FOR RELIEF:
# INFRINGEMENT OF U.S. PATENT NO. 6,636,894

22. For this claim, Nomadix incorporates paragraphs 1–21 of this Complaint.

23. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

24. Without authority, Blueprint RF, through its agents, employees, and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into and/or supplied in or from the United States, products and/or components covered by one or more claims of the '894 patent, and has, with knowledge of the '894 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '894 patent. Moreover, with knowledge of the '894 patent, Blueprint RF has provided products and components knowing that they, alone or as material components in combination with other components, infringe the '894 patent and has thereby contributed to others' infringement of the '894 patent. Blueprint RF has thereby infringed, actively induced others to infringe, and/or contributed to others' infringement of one or more claims of the '894 patent, including, for example and without limitation, claims 1 and 6 of the '894 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c), and/or (f). This infringement is currently ongoing. The products relating to Blueprint RF's infringement include, without limitation, Blueprint RF's Dominion gateways and/or other network gateway devices and software that connect computers and mobile devices to networks.

25. By no later than March 25, 2014, Nomadix had given Blueprint RF written notice of its infringement of the '894 patent.

26. Blueprint RF's infringement of the '894 patent has been and continues to be deliberate and willful.

-4-

27. Blueprint RF's infringement of the '894 patent will continue unless enjoined by this Court.

28. Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to Blueprint RF's infringement of the '894 patent Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

29. Unless Blueprint RF is enjoined from infringing the '894 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF:
## INFRINGEMENT OF U.S. PATENT NO. 6,868,399

30. For this claim, Nomadix incorporates paragraphs 1–21 of this Complaint.

31. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

32. Without authority, Blueprint RF, through its agents, employees, and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into and/or supplied in or from the United States, products and/or components covered by one or more claims of the '399 patent, and has, with knowledge of the '399 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '399 patent. Moreover, with knowledge of the '399 patent, Blueprint RF has provided products and components knowing that they, alone or as material components in combination with other components, infringe the '399 patent and has thereby contributed to others' infringement of the '399 patent. Blueprint RF has thereby infringed, actively induced others to infringe, and/or contributed to others' infringement of one or more claims of the '399

patent, including, for example and without limitation, claim 13 of the '399 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c) and/or (f). This infringement is currently ongoing. The products relating to Blueprint RF's infringement include, without limitation, Blueprint RF's Dominion gateways and/or other network gateway devices and software that integrate with a management system.

33. By no later than March 25, 2014, Nomadix had given Blueprint RF written notice of its infringement of the '399 patent.

34. Blueprint RF's infringement of the '399 patent has been and continues to be deliberate and willful.

35. Blueprint RF's infringement of the '399 patent will continue unless enjoined by this Court.

36. Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to Blueprint RF's infringement of the '399 patent Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

37. Unless Blueprint RF is enjoined from infringing the '399 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF:
### INFRINGEMENT OF U.S. PATENT NO. 7,698,432

38. For this claim, Nomadix incorporates paragraphs 1–21 of this Complaint.

39. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

40. Without authority, Blueprint RF, through its agents, employees, and servants, has manufactured, used, promoted, offered for sale, and/or sold

within the United States, and/or imported into and/or supplied in or from the United States, products and/or components covered by one or more claims of the '432 patent, and has, with knowledge of the '432 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '432 patent. Moreover, with knowledge of the '432 patent, Blueprint RF has provided products and components knowing that they, alone or as material components in combination with other components, infringe the '432 patent and has thereby contributed to others' infringement of the '432 patent. Blueprint RF has thereby infringed one or more claims of the '432 patent, including, for example and without limitation, claim 1 of the '432 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c) and/or (f). This infringement is currently ongoing. The products relating to Blueprint RF's infringement include, without limitation, Blueprint RF's Dominion gateways and/or other network gateway devices and software that connect computers and mobile devices to networks.

41. Blueprint RF's infringement of the '432 patent has been and continues to be deliberate and willful.

42. Blueprint RF's infringement of the '432 patent will continue unless enjoined by this Court.

43. Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to Blueprint RF's infringement of the '432 patent Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

44. Unless Blueprint RF is enjoined from infringing the '432 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF:
## INFRINGEMENT OF U.S. PATENT NO. 7,953,857

45. For this claim, Nomadix incorporates paragraphs 1–21 of this Complaint.

46. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

47. Without authority, Blueprint RF, through its agents, employees, and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into and/or supplied in or from the United States, products and/or components covered by one or more claims of the '857 patent, and has, with knowledge of the '857 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '857 patent. Moreover, with knowledge of the '857 patent, Blueprint RF has provided products and components knowing that they, alone or as material components in combination with other components, infringe the '857 patent and has thereby contributed to others' infringement of the '857 patent. Blueprint RF has thereby infringed one or more claims of the '857 patent, including, for example and without limitation, claim 1 of the '857 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c) and/or (f). This infringement is currently ongoing. The products relating to Blueprint RF's infringement include, without limitation, Blueprint RF's Dominion gateways and/or other network gateway devices and software that connect computers and mobile devices to networks.

48. Blueprint RF's infringement of the '857 patent has been and continues to be deliberate and willful.

49. Blueprint RF's infringement of the '857 patent will continue unless enjoined by this Court.

50. Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to Blueprint RF's infringement of the '857 patent Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

51. Unless Blueprint RF is enjoined from infringing the '857 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF:
## INFRINGEMENT OF U.S. PATENT NO. 8,156,246

52. For this claim, Nomadix incorporates paragraphs 1–21 of this Complaint.

53. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

54. Without authority, Blueprint RF, through its agents, employees, and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into and/or supplied in or from the United States, products and/or components covered by one or more claims of the '246 patent, and has, with knowledge of the '246 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '246 patent. Moreover, with knowledge of the '246 patent, Blueprint RF has provided products and components knowing that they, alone or as material components in combination with other components, infringe the '246 patent and has thereby contributed to others' infringement of the '246 patent. Blueprint RF has thereby infringed, actively induced others to infringe, and/or contributed to others' infringement of one or more claims of the '246 patent, including, for example and without limitation, claim 6 of the '246 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c) and/or

(f). This infringement is currently ongoing. The products relating to Blueprint RF's infringement include, without limitation, Blueprint RF's Dominion gateways and/or other network gateway devices and software that connect computers and mobile devices to networks.

55. By no later than March 25, 2014, Nomadix had given Blueprint RF written notice of its infringement of the '246 patent.

56. Blueprint RF's infringement of the '246 patent has been and continues to be deliberate and willful.

57. Blueprint RF's infringement of the '246 patent will continue unless enjoined by this Court.

58. Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to Blueprint RF's infringement of the '246 patent Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

59. Unless Blueprint RF is enjoined from infringing the '246 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF:
## INFRINGEMENT OF U.S. PATENT NO. 8,266,266

60. For this claim, Nomadix incorporates paragraphs 1–21 of this Complaint.

61. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

62. Without authority, Blueprint RF, through its agents, employees, and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into and/or supplied in or from the United States, products and/or components covered by one or more claims of

-10-

the '266 patent, and has, with knowledge of the '266 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '266 patent. Moreover, with knowledge of the '266 patent, Blueprint RF has provided products and components knowing that they, alone or as material components in combination with other components, infringe the '266 patent and has thereby contributed to others' infringement of the '266 patent. Blueprint RF has thereby infringed, actively induced others to infringe, and/or contributed to others' infringement of one or more claims of the '266 patent, including, for example and without limitation, claim 11 of the '266 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c) and/or (f). This infringement is currently ongoing. The products relating to Blueprint RF's infringement include, without limitation, Blueprint RF's Dominion gateways and/or other network gateway devices and software that connect computers and mobile devices to networks.

63. By no later than March 25, 2014, Nomadix had given Blueprint RF written notice of its infringement of the '266 patent.

64. Blueprint RF's infringement of the '266 patent has been and continues to be deliberate and willful.

65. Blueprint RF's infringement of the '266 patent will continue unless enjoined by this Court.

66. Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to Blueprint RF's infringement of the '266 patent Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

67. Unless Blueprint RF is enjoined from infringing the '266 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

*1* **SEVENTH CLAIM FOR RELIEF:**

*2* **INFRINGEMENT OF U.S. PATENT NO. 8,266,269**

*3*       68.    For this claim, Nomadix incorporates paragraphs 1–21 of this
*4* Complaint.

*5*       69.    This is a claim for patent infringement arising under the patent laws
*6* of the United States, Title 35 of the United States Code.

*7*       70.    Without authority, Blueprint RF, through its agents, employees,
*8* and servants, has manufactured, used, promoted, offered for sale, and/or sold
*9* within the United States, and/or imported into and/or supplied in or from the
*10* United States, products and/or components covered by one or more claims of
*11* the '269 patent, and has, with knowledge of the '269 patent, actively induced
*12* others to do the same while knowing that the induced acts constituted
*13* infringement of the '269 patent. Moreover, with knowledge of the '269 patent,
*14* Blueprint RF has provided products and components knowing that they, alone
*15* or as material components in combination with other components, infringe the
*16* '269 patent and has thereby contributed to others' infringement of the '269
*17* patent. Blueprint RF has thereby infringed, actively induced others to infringe,
*18* and/or contributed to others' infringement of one or more claims of the '269
*19* patent, including, for example and without limitation, claim 1 of the '269 patent,
*20* in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c) and/or
*21* (f). This infringement is currently ongoing. The products relating to Blueprint
*22* RF's infringement include, without limitation, Blueprint RF's Dominion
*23* gateways and/or other network gateway devices and software that connect
*24* computers and mobile devices to networks.

*25*       71.    By no later than March 25, 2014, Nomadix had given Blueprint RF
*26* written notice of its infringement of the '269 patent.

*27*       72.    Blueprint RF's infringement of the '269 patent has been and
*28* continues to be deliberate and willful.

73. Blueprint RF's infringement of the '269 patent will continue unless enjoined by this Court.

74. Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to Blueprint RF's infringement of the '269 patent Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

75. Unless Blueprint RF is enjoined from infringing the '269 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF:
## INFRINGEMENT OF U.S. PATENT NO. 8,364,806

76. For this claim, Nomadix incorporates paragraphs 1–21 of this Complaint.

77. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

78. Without authority, Blueprint RF, through its agents, employees, and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into and/or supplied in or from the United States, products and/or components covered by one or more claims of the '806 patent, and has, with knowledge of the '806 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '806 patent. Moreover, with knowledge of the '806 patent, Blueprint RF has provided products and components knowing that they, alone or as material components in combination with other components, infringe the '806 patent and has thereby contributed to others' infringement of the '806 patent. Blueprint RF has thereby infringed, actively induced others to infringe, and/or contributed to others' infringement of one or more claims of the '806

patent, including, for example and without limitation, claims 1 and 17 of the '806 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c) and/or (f). This infringement is currently ongoing. The products relating to Blueprint RF's infringement include, without limitation, Blueprint RF's Dominion gateways and/or other network gateway devices and software that connect computers and mobile devices to networks.

79. By no later than March 25, 2014, Nomadix had given Blueprint RF written notice of its infringement of the '806 patent.

80. Blueprint RF's infringement of the '806 patent has been and continues to be deliberate and willful.

81. Blueprint RF's infringement of the '806 patent will continue unless enjoined by this Court.

82. Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to Blueprint RF's infringement of the '806 patent Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

83. Unless Blueprint RF is enjoined from infringing the '806 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## NINTH CLAIM FOR RELIEF:
## INFRINGEMENT OF U.S. PATENT NO. 8,725,888

84. For this claim, Nomadix incorporates paragraphs 1–21 of this Complaint.

85. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

86. Without authority, Blueprint RF, through its agents, employees, and servants, has manufactured, used, promoted, offered for sale, and/or sold

within the United States, and/or imported into and/or supplied in or from the United States, products and/or components covered by one or more claims of the '888 patent, and has, with knowledge of the '888 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '888 patent. Moreover, with knowledge of the '888 patent, Blueprint RF has provided products and components knowing that they, alone or as material components in combination with other components, infringe the '888 patent and has thereby contributed to others' infringement of the '888 patent. Blueprint RF has thereby infringed one or more claims of the '888 patent, including, for example and without limitation, claim 11 of the '888 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c) and/or (f). This infringement is currently ongoing. The products relating to Blueprint RF's infringement include, without limitation, Blueprint RF's Dominion gateways and/or other network gateway devices and software that connect computers and mobile devices to networks.

87. Blueprint RF's infringement of the '888 patent has been and continues to be deliberate and willful.

88. Blueprint RF's infringement of the '888 patent will continue unless enjoined by this Court.

89. Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to Blueprint RF's infringement of the '888 patent Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

90. Unless Blueprint RF is enjoined from infringing the '888 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## TENTH CLAIM FOR RELIEF:

## INFRINGEMENT OF U.S. PATENT NO. 8,788,690

91. For this claim, Nomadix incorporates paragraphs 1–21 of this Complaint.

92. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

93. Without authority, Blueprint RF, through its agents, employees, and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into and/or supplied in or from the United States, products and/or components covered by one or more claims of the '690 patent, and has, with knowledge of the '690 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '690 patent. Moreover, with knowledge of the '690 patent, Blueprint RF has provided products and components knowing that they, alone or as material components in combination with other components, infringe the '690 patent and has thereby contributed to others' infringement of the '690 patent. Blueprint RF has thereby infringed, actively induced others to infringe, and/or contributed to others' infringement of one or more claims of the '690 patent, including, for example and without limitation, claim 12 of the '690 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c) and/or (f). This infringement is currently ongoing. The products relating to Blueprint RF's infringement include, without limitation, Blueprint RF's Dominion gateways and/or other network gateway devices and software that connect computers and mobile devices to networks.

94. Blueprint RF's infringement of the '690 patent has been and continues to be deliberate and willful.

95. Blueprint RF's infringement of the '690 patent will continue unless enjoined by this Court.

96. Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix. Due to Blueprint RF's infringement of the '690 patent Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

97. Unless Blueprint RF is enjoined from infringing the '690 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

Nomadix respectfully prays for the following relief:

A. an order adjudging Blueprint RF to have infringed each of the Asserted Nomadix Patents;

B. a permanent injunction enjoining Blueprint RF, as well as its officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Blueprint RF, from infringing the Asserted Nomadix Patents;

C. an accounting of all gains, profits, and advantages derived by Blueprint RF's infringement of the Asserted Nomadix Patents and an award of damages adequate to compensate Nomadix for that infringement;

D. an order adjudging Blueprint RF to have willfully infringed the Asserted Nomadix Patents and declaring this to be an exceptional case;

E. an order trebling damages and/or for exemplary damages because of Blueprint RF's intentional and willful conduct;

F. an award of prejudgment and postjudgment interest and costs of this action against Blueprint RF;

G. an award to Nomadix of its attorneys' fees incurred in connection with this action; and

///

-17-

H.   such other and further relief as the Court deems just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 24, 2014   */s/ Douglas G. Muehlhauser*
Douglas G. Muehlhauser
Mark Lezama
Alan G. Laquer
Attorneys for Plaintiff
NOMADIX, INC.

-18-

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Nomadix hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 24, 2014          */s/ Douglas G. Muehlhauser*
                                 Douglas G. Muehlhauser
                                 Mark Lezama
                                 Alan G. Laquer

                                 Attorneys for Plaintiff
                                 NOMADIX, INC.

19182902

-19-