1  Douglas G. Muehlhauser (SBN 179495)
   doug.muehlhauser@knobbe.com
2  Mark Lezama (SBN 253479)
   mark.lezama@knobbe.com
3  Alan G. Laquer (SBN 259257)
   alan.laquer@knobbe.com
4  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
5  Irvine, CA 92614
   Telephone: 949-760-0404
6  Facsimile: 949-760-9502

7  Attorneys for Plaintiff
   NOMADIX, INC.

8

9

10

11            IN THE UNITED STATES DISTRICT COURT

12         FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14

| | |
|---|---|
| 15  NOMADIX, INC.,<br><br>16         Plaintiff,<br><br>17     v.<br><br>18<br>19  HOSPITALITY CORE SERVICES LLC,<br>   d/b/a BLUEPRINT RF,<br><br>20         Defendant.<br>21<br>22 | Case No.<br>CV14-08256 DDP (VBKx)<br><br>**FIRST AMENDED COMPLAINT**<br><br>**and**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Honorable Dean D. Pregerson |

23

24

25

26

27

28

- i -

Plaintiff Nomadix, Inc. ("Nomadix") hereby brings this First Amended Complaint against Defendant Hospitality Core Services LLC ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint states causes of action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*., and, more particularly, 35 U.S.C. §§ 271 and 281. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. On information and belief: Defendant conducts business throughout the United States, including in this judicial district.

3. On information and belief: Defendant has committed the acts complained of in this judicial district and elsewhere.

4. Defendant has installed one or more Blueprint RF Dominion gateways at one or more hotels in California and in the Central District of California in particular.

5. Defendant has sold one or more Blueprint RF Dominion gateways to one or more hotels in California and in this Central District of California in particular.

6. Defendant has installed one or more Blueprint RF Dominion gateways at the Sheraton Agoura Hills Hotel located at 30100 Agoura Road, Agoura Hills, California (the "Sheraton Agoura Hills Hotel").

7. Defendant has installed one or more Blueprint RF Dominion gateways at the Santa Ana Orange County Courtyard by Marriott Hotel located at 8 MacArthur Place, Santa Ana, California (the "Courtyard Santa Ana").

8. Defendant provides ongoing support services for at least some of the Blueprint RF Dominion gateways that it has installed.

9. Defendant provides ongoing support services for a Blueprint RF Dominion gateway at the Sheraton Agoura Hills Hotel.

10.     Defendant provides ongoing support services for a Blueprint RF Dominion gateway at the Courtyard Santa Ana.

11.     Defendant does business with computer-network companies located in California, including at least one company headquartered in Carson, California.

12.     Defendant purchased floor space at 2014 Hospitality Industry Technology Exposition and Conference ("HiTEC"), which took place in June 2014 at the Los Angeles Convention Center.

13.     From its booth at HiTEC 2014, Defendant promoted its products and services, including its Blueprint RF Dominion gateways.

14.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(c).

## PARTIES

15.     Nomadix is a Delaware corporation having its principal place of business at 30851 Agoura Road, Suite 102, Agoura Hills, California 91301.

16.     On information and belief: Defendant is a Georgia limited liability company doing business as Blueprint RF and having its principal place of business at 5555 Oakbrook Parkway, Suite 640, Norcross, Georgia 30093. In the paragraphs that follow, "Blueprint RF" refers to Defendant.

17.     On information and belief: Blueprint RF was founded on or around January, 2011, by its Chief Executive Officer, Ron Peterson. Prior to founding Blueprint RF, Mr. Peterson was a Vice President at the company then named LodgeNet Interactive Entertainment Corporation ("LodgeNet").

18.     Nomadix brought an action for patent infringement against LodgeNet on November 17, 2009. Around January, 2011, Nomadix settled with LodgeNet and licensed Nomadix patents to LodgeNet. Mr. Peterson was aware of Nomadix's patent infringement lawsuit against LodgeNet while he worked at LodgeNet. Mr. Peterson was aware of LodgeNet's licensing of Nomadix patents when he founded Blueprint RF.

## ALLEGATIONS FOR ALL CLAIMS

19.     On October 21, 2003, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 6,636,894 ("the '894 patent"), titled "Systems and Methods for Redirecting Users Having Transparent Computer Access to a Network Using a Gateway Device Having Redirection Capability."

20.     Reexamination of the '894 patent was requested on or around September 24, 2004.  The reexamination was requested in view of certain alleged prior art references including U.S. Patent No. 6,226,677 ("Slemmer"), which identifies Michael W. Slemmer as its inventor and Lodgenet Entertainment Corporation as its original assignee.   The PTO initiated and conducted a reexamination of the '894 patent in response to that request, with the reexamination assigned Reexamination Application No. 90/007,220.  As part of the resulting reexamination proceedings, the PTO issued a reexamination certificate confirming all claims of the '894 patent as patentable in view of the cited references including Slemmer.

21.     On March 15, 2005, the PTO issued U.S. Patent No. 6,868,399 ("the '399 patent"), titled "Systems and Methods for Integrating a Network Gateway Device with Management Systems."

22.     On April 10, 2012, the PTO issued U.S. Patent No. 8,156,246 ("the '246 patent"), titled "Systems and Methods for Providing Content and Services on a Network System."

23.     On September 11, 2012, the PTO issued U.S. Patent No. 8,266,266 ("the '266 patent"), titled "Systems and Methods for Providing Dynamic Network Authorization, Authentication and Accounting."

24.     On September 11, 2012, the PTO issued U.S. Patent No. 8,266,269 ("the '269 patent"), titled "Systems and Methods for Providing Content and Services on a Network System."

/ / /

25.     On January 29, 2013, the PTO issued U.S. Patent No. 8,364,806 ("the '806 patent"), titled "Systems and Methods for Providing Content and Services on a Network System."

26.     On July 22, 2014, the PTO issued U.S. Patent No. 8,788,690 ("the '690 patent"), titled "Systems and Methods for Providing Content and Services on a Network System."

27.     Nomadix owns the '894, '399, '246, '266, '269, '806, and '690 patents ("the Asserted Nomadix Patents").

28.     Nomadix has marked gateway devices it has manufactured and sold under the Asserted Nomadix Patents in a manner that complies with 35 U.S.C. § 287(a).

29.     By no later than March 25, 2014, Nomadix gave Blueprint RF written notice that Blueprint RF infringes the '894, '399, '246, '266, '269, and '806 patents.

30.     By no later than October 29, 2014, Nomadix gave Blueprint RF written notice that Blueprint RF infringes the '690 patent through service of Nomadix's initial Complaint in this action.

31.     On information and belief: Blueprint RF has also been aware of Nomadix patents since Blueprint RF was founded due, at least, to Mr. Peterson's prior experience at LodgeNet.

32.     On information and belief: Blueprint RF had knowledge of the '690 patent since at least as early as around July 22, 2014, when the patent issued.

33.     Despite being aware of the Asserted Nomadix Patents and their relevance to Blueprint RF's products, Blueprint RF has continued to infringe those patents.

34.     On information and belief: Blueprint RF has made, offered for sale, sold, and used Blueprint RF Dominion gateways within the United States.

/ / /

35.    On information and belief: Blueprint RF has made all of its Dominion gateways in the United States.

36.    On information and belief: Blueprint RF has exported or caused to be exported from the United States Blueprint RF Dominion gateways.

37.    On information and belief: the captive portal feature of the Dominion gateways, including those that Blueprint RF exported or caused to be exported, has no substantial non-infringing use.

38.    On information and belief: the PMS-billing feature of the Dominion gateways, including those that Blueprint RF exported or caused to be exported, has no substantial non-infringing use.

39.    On information and belief: Blueprint RF tests Dominion gateways as part of its development efforts in the United States.  In conducting those tests, Blueprint RF uses a system including a computer in order to test the captive portal functionality of a Dominion gateway.

40.    On information and belief: in conducting tests in United States, Blueprint RF uses a system including a management system in order to test the PMS-billing functionality of a Dominion gateway.

41.    On information and belief: Blueprint RF tests Dominion gateways when it installs them at customer locations, such as hotels.  In conducting those tests, Blueprint RF uses a system including a computer in order to test the captive portal functionality of a Blueprint RF Dominion gateway.

42.    On information and belief: in conducting installation tests at hotel customer locations, Blueprint RF uses a system including a management system in order to test the PMS-billing functionality of a Dominion gateway.

43.    On information and belief: Blueprint RF tests Dominion gateways as part of its ongoing support for its customers with Dominion gateways.  In conducting those tests, Blueprint RF uses a system including a computer in order to test the captive portal functionality of a Dominion gateway.

44.    On information and belief: in conducting tests as part of its ongoing support for its customers with Dominion gateways, Blueprint RF uses a system including a management system in order to test the PMS-billing functionality of a Dominion gateway.

45.    On information and belief: Blueprint RF provides documents to customers instructing them to use the Blueprint RF's Dominion gateways' captive portal feature and PMS-billing feature.  For example, Blueprint RF provides in-room information instructing hotel guests to obtain network access using the Blueprint RF Dominion gateway located at the hotel.  As another example, Blueprint RF provides training to hotel agents to obtain network access using the Blueprint RF Dominion gateway located at the hotel, and to assist hotel guests in obtaining network access using the Blueprint RF Dominion gateway located at the hotel.

46.    On information and belief: Blueprint RF's customers, such as hotel customers, and including those hotel customers' agents, use systems including computers and Dominion gateways.  For example, those agents use the captive portal functionality of a Dominion gateway by using a system that includes a computer and that Dominion gateway.

47.    On information and belief: Blueprint RF's customers, such as hotel customers and including those hotel customers' agents, use systems including property management systems and Dominion gateways.  For example, those agents use the PMS-billing functionality of a Dominion gateway by using a system that includes a management system and that Dominion gateway.

48.    On information and belief: the guests of Blueprint RF's hotel customers use systems including computers and Dominion gateways.  For example, those guests use the captive portal functionality of a Dominion gateway by using a system that includes a computer and that Dominion gateway.

/ / /

- 6 -

49.    On information and belief: the guests of Blueprint RF's hotel customers use systems including property management systems and Dominion gateways.   For example, those guests use the PMS-billing functionality of a Dominion gateway by using a system that includes a management system and that Dominion gateway.

50.    Blueprint RF's Dominion gateways communicate with networking devices, including user devices, and they integrate with management systems.

51.    Blueprint RF owns the website at http://www.blueprintrf.com/ and advertises its Dominion gateways through that website.

52.    Blueprint RF is responsible for the Twitter account "@BlueprintRF" accessible at https://twitter.com/blueprintrf and advertises its Dominion gateways through that Twitter account.

53.    Blueprint RF is responsible for the Facebook page at https://www.facebook.com/BlueprintRF and advertises its Dominion gateways through that Facebook page.

54.    Blueprint RF is responsible for the LinkedIn page at https://www.linkedin.com/company/blueprint-rf and advertises its Dominion gateways through that page.

## FIRST CLAIM FOR RELIEF:

## INFRINGEMENT OF U.S. PATENT NO. 6,636,894

55.    For this claim, Nomadix incorporates paragraphs 1–54 of this Complaint.

56.    This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

57.    Without authority, Blueprint RF, through its agents, employees, and servants, has manufactured, used, promoted, offered for sale, and sold within the United States, and supplied in or from the United States, products and/or components covered by one or more claims of the '894 patent, and has, with

knowledge of the '894 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '894 patent. Moreover, with knowledge of the '894 patent, Blueprint RF has provided products and components knowing that they, alone or as material components in combination with other components, infringe the '894 patent and has thereby contributed to others' infringement of the '894 patent. Blueprint RF has thereby infringed, actively induced others to infringe, and contributed to others' infringement of one or more claims of the '894 patent including, for example, claims 1 and 6 of the '894 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c), and (f). This infringement is currently ongoing. The products relating to Blueprint RF's infringement include Blueprint RF's Dominion gateways.

58.  Blueprint RF's testing of Dominion gateways as part of its development efforts, testing of Dominion gateways during installation at customer locations, and testing of Dominion gateways as part of its ongoing support for its customers, done in the United States, uses the captive portal feature of the Dominion gateways and thereby infringes, for example, claims 1 and 6 of the '894 patent in violation of 35 U.S.C. § 271(a).

59.  Blueprint RF customers and guests of those customers use the captive portal feature of the Dominion gateways and thereby directly infringe, for example, claims 1 and 6 of the '894 patent in violation of 35 U.S.C. § 271(a).

60.  Blueprint RF induces those customers and guests to use the captive portal feature of the Dominion gateways, knowing that such use constitutes infringement of, for example, claims 1 and 6 of the '894 patent, and Blueprint RF thereby infringes those same claims in violation of 35 U.S.C. § 271(b).

61.  Blueprint RF offers to sell and sells in the United States or imports into the United States the Dominion gateways with the captive portal feature knowing that they are not staple articles of commerce suitable for substantial non-

infringing uses, and knowing that they are especially made or especially adapted for use in infringement of the '894 patent and Blueprint RF thereby infringes those same claims in violation of 35 U.S.C. § 271(c).

62.    Blueprint RF exports or causes to be exported Dominion gateways with the captive portal feature from the United States and actively induces the combination of those Dominion gateways with computers outside of the United States in a manner that would infringe, for example, claim 6 of the '894 patent if such combination occurred within the United States and Blueprint RF thereby infringes that claim in violation of 35 U.S.C. § 271(f)(1).

63.    Blueprint RF's exported Dominion gateways with the captive portal feature are a component of, for example, claim 6 of the '894 patent and are especially made or especially adapted for use in the invention of that claim and are not a staple article or commodity of commerce suitable for substantial noninfringing use.  Blueprint RF knows that its Dominion gateways are so made or adapted and intends that the Dominion gateway will be combined outside of the United States with a computer in a manner that would infringe, for example, claim 6 of the '894 patent if such combination occurred within the United States and Blueprint RF thereby infringes that claim in violation of 35 U.S.C. § 271(f)(2).

64.    By no later than March 25, 2014, Nomadix had given Blueprint RF written notice of its infringement of the '894 patent.

65.    Blueprint RF's infringement of the '894 patent has been and continues to be deliberate and willful.

66.    Blueprint RF's infringement of the '894 patent will continue unless enjoined by this Court.

67.    Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix.  Due to Blueprint RF's
/ / /

1   infringement of the '894 patent Nomadix has been damaged and is entitled to

2   monetary relief in an amount to be determined at trial.

3        68.    Unless Blueprint RF is enjoined from infringing the '894 patent,

4   Nomadix will continue to suffer irreparable injury for which it has no adequate

5   remedy at law.

6   **SECOND CLAIM FOR RELIEF:**

7   **INFRINGEMENT OF U.S. PATENT NO. 6,868,399**

8        69.    For this claim, Nomadix incorporates paragraphs 1–54 of this

9   Complaint.

10        70.    This is a claim for patent infringement arising under the patent laws of

11   the United States, Title 35 of the United States Code.

12        71.    Without authority, Blueprint RF, through its agents, employees, and

13   servants, has manufactured, used, promoted, offered for sale, and sold within the

14   United States, and imported into and supplied in or from the United States,

15   products and/or components covered by one or more claims of the '399 patent, and

16   has, with knowledge of the '399 patent, actively induced others to do the same

17   while knowing that the induced acts constituted infringement of the '399 patent.

18   Moreover, with knowledge of the '399 patent, Blueprint RF has provided products

19   and components knowing that they, alone or as material components in

20   combination with other components, infringe the '399 patent and has thereby

21   contributed to others' infringement of the '399 patent.  Blueprint RF has thereby

22   infringed, actively induced others to infringe, and contributed to others'

23   infringement of one or more claims of the '399 patent, including, for example,

24   claim 13 of the '399 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C.

25   §§ 271(a), (b), (c) and (f).  This infringement is currently ongoing.  The products

26   relating to Blueprint RF's infringement include Blueprint RF's Dominion

27   gateways.

28   / / /

72.   Blueprint RF's testing of Dominion gateways as part of its development efforts, testing of Dominion gateways during installation at customer locations, and testing of Dominion gateways as part of its ongoing support for its customers, done in the United States, uses the PMS-billing feature of the Dominion gateways and thereby infringes, for example, claim 13 of the '399 patent in violation of 35 U.S.C. § 271(a).

73.   Blueprint RF customers and guests of those customers use the PMS-billing feature of the Dominion gateways and thereby directly infringe, for example, claim 13 of the '399 patent in violation of 35 U.S.C. § 271(a).

74.   Blueprint RF induces those customers and guests to use the PMS-billing feature of the Dominion gateways, knowing that such use constitutes infringement of, for example, claim 13 of the '399 patent, and Blueprint RF thereby infringes those same claims in violation of 35 U.S.C. § 271(b).

75.   Blueprint RF offers to sell and sells in the United States or imports into the United States the Dominion gateways with the PMS-billing feature knowing that they are not staple articles of commerce suitable for substantial non-infringing uses, and knowing that they are especially made or especially adapted for use in infringement of the '399 patent and Blueprint RF thereby infringes those same claims in violation of 35 U.S.C. § 271(c).

76.   Blueprint RF exports or causes to be exported Dominion gateways with the PMS-billing feature from the United States and actively induces the combination of those Dominion gateways with management systems outside of the United States in a manner that would infringe, for example, claim 13 of the '399 patent if such combination occurred within the United States and Blueprint RF thereby infringes that claim in violation of 35 U.S.C. § 271(f)(1).

77.   Blueprint RF's exported Dominion gateways with the PMS-billing feature are a component of, for example, claim 13 of the '399 patent and are especially made or especially adapted for use in the invention of that claim and are

1    not a staple article or commodity of commerce suitable for substantial

2    noninfringing use.  Blueprint RF knows that its Dominion gateways are so made or

3    adapted and intends that the Dominion gateway will be combined outside of the

4    United States with a management system in a manner that would infringe, for

5    example, claim 13 of the '399 patent if such combination occurred within the

6    United States and Blueprint RF thereby infringes that claim in violation of 35

7    U.S.C. § 271(f)(2).

8        78.   By no later than March 25, 2014, Nomadix had given Blueprint RF

9    written notice of its infringement of the '399 patent.

10       79.   Blueprint RF's infringement of the '399 patent has been and continues

11   to be deliberate and willful.

12       80.   Blueprint RF's infringement of the '399 patent will continue unless

13   enjoined by this Court.

14       81.   Blueprint RF has derived and received, and will continue to derive

15   and receive, gains, profits, and advantages from the aforesaid acts of infringement

16   in an amount that is not presently known to Nomadix.  Due to Blueprint RF's

17   infringement of the '399 patent Nomadix has been damaged and is entitled to

18   monetary relief in an amount to be determined at trial.

19       82.   Unless Blueprint RF is enjoined from infringing the '399 patent,

20   Nomadix will continue to suffer irreparable injury for which it has no adequate

21   remedy at law.

**THIRD CLAIM FOR RELIEF:**

**INFRINGEMENT OF U.S. PATENT NO. 8,156,246**

24       83.   For this claim, Nomadix incorporates paragraphs 1–54 of this

25   Complaint.

26       84.   This is a claim for patent infringement arising under the patent laws of

27   the United States, Title 35 of the United States Code.

28   / / /

85.    Without authority, Blueprint RF, through its agents, employees, and servants, has manufactured, used, promoted, offered for sale, and sold within the United States, and imported into and supplied in or from the United States, products and/or components covered by one or more claims of the '246 patent, and has, with knowledge of the '246 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '246 patent. Moreover, with knowledge of the '246 patent, Blueprint RF has provided products and components knowing that they, alone or as material components in combination with other components, infringe the '246 patent and has thereby contributed to others' infringement of the '246 patent. Blueprint RF has thereby infringed, actively induced others to infringe, and contributed to others' infringement of one or more claims of the '246 patent, including, for example, claim 6 of the '246 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), and (c). This infringement is currently ongoing. The products relating to Blueprint RF's infringement include Blueprint RF's Dominion gateways.

86.    Blueprint RF's testing of Dominion gateways as part of its development efforts, testing of Dominion gateways during installation at customer locations, and testing of Dominion gateways as part of its ongoing support for its customers, done in the United States, uses the captive portal feature of the Dominion gateways and thereby infringes, for example, claim 6 of the '246 patent in violation of 35 U.S.C. § 271(a). Blueprint RF's manufacture, sale, and offer for sale in the United States of Dominion gateways with the captive portal feature also infringes for example, claim 6 of the '246 patent in violation of 35 U.S.C. § 271(a).

87.    Blueprint RF customers and guests of those customers use the captive portal feature of the Dominion gateways and thereby directly infringe, for example, claim 6 of the '246 patent in violation of 35 U.S.C. § 271(a).

/ / /

88.     Blueprint RF induces those customers and guests to use the captive portal feature of the Dominion gateways, knowing that such use constitutes infringement of, for example, claim 6 of the '246 patent, and Blueprint RF thereby infringes those same claims in violation of 35 U.S.C. § 271(b).

89.     Blueprint RF offers to sell and sells in the United States or imports into the United States the Dominion gateways with the captive portal feature knowing that they are not staple articles of commerce suitable for substantial non-infringing uses, and knowing that they are especially made or especially adapted for use in infringement of the '246 patent and Blueprint RF thereby infringes those same claims in violation of 35 U.S.C. § 271(c).

90.     By no later than March 25, 2014, Nomadix had given Blueprint RF written notice of its infringement of the '246 patent.

91.     Blueprint RF's infringement of the '246 patent has been and continues to be deliberate and willful.

92.     Blueprint RF's infringement of the '246 patent will continue unless enjoined by this Court.

93.     Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix.  Due to Blueprint RF's infringement of the '246 patent Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

94.     Unless Blueprint RF is enjoined from infringing the '246 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF:

## INFRINGEMENT OF U.S. PATENT NO. 8,266,266

95.     For this claim, Nomadix incorporates paragraphs 1–54 of this Complaint.

96.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

97.     Without authority, Blueprint RF, through its agents, employees, and servants, has manufactured, used, promoted, offered for sale, and sold within the United States, and imported into and supplied in or from the United States, products and/or components covered by one or more claims of the '266 patent, and has, with knowledge of the '266 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '266 patent. Moreover, with knowledge of the '266 patent, Blueprint RF has provided products and components knowing that they, alone or as material components in combination with other components, infringe the '266 patent and has thereby contributed to others' infringement of the '266 patent.  Blueprint RF has thereby infringed, actively induced others to infringe, and contributed to others' infringement of one or more claims of the '266 patent, including, for example, claim 11 of the '266 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), and (c).  This infringement is currently ongoing.  The products relating to Blueprint RF's infringement include Blueprint RF's Dominion gateways.

98.     Blueprint RF's testing of Dominion gateways as part of its development efforts, testing of Dominion gateways during installation at customer locations, and testing of Dominion gateways as part of its ongoing support for its customers, done in the United States, uses the captive portal feature of the Dominion gateways and thereby infringes, for example, claim 11 of the '266 patent in violation of 35 U.S.C. § 271(a).  Blueprint RF's manufacture, sale, and offer for sale in the United States of Dominion gateways with the captive portal feature also infringes for example, claim 11 of the '266 patent in violation of 35 U.S.C. § 271(a).

/ / /

99.   Blueprint RF customers and guests of those customers use the captive portal feature of the Dominion gateways and thereby directly infringe, for example, claim 11 of the '266 patent in violation of 35 U.S.C. § 271(a).

100.   Blueprint RF induces those customers and guests to use the captive portal feature of the Dominion gateways, knowing that such use constitutes infringement of, for example, claim 11 of the '266 patent, and Blueprint RF thereby infringes those same claims in violation of 35 U.S.C. § 271(b).

101.   Blueprint RF offers to sell and sells in the United States or imports into the United States the Dominion gateways with the captive portal feature knowing that they are not staple articles of commerce suitable for substantial non-infringing uses, and knowing that they are especially made or especially adapted for use in infringement of the '266 patent and Blueprint RF thereby infringes those same claims in violation of 35 U.S.C. § 271(c).

102.   By no later than March 25, 2014, Nomadix had given Blueprint RF written notice of its infringement of the '266 patent.

103.   Blueprint RF's infringement of the '266 patent has been and continues to be deliberate and willful.

104.   Blueprint RF's infringement of the '266 patent will continue unless enjoined by this Court.

105.   Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix.  Due to Blueprint RF's infringement of the '266 patent Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

106.   Unless Blueprint RF is enjoined from infringing the '266 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

/ / /

**FIFTH CLAIM FOR RELIEF:**

**INFRINGEMENT OF U.S. PATENT NO. 8,266,269**

107.   For this claim, Nomadix incorporates paragraphs 1–54 of this Complaint.

108.   This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

109.   Without authority, Blueprint RF, through its agents, employees, and servants, has manufactured, used, promoted, offered for sale, and sold within the United States, and imported into and supplied in or from the United States, products and/or components covered by one or more claims of the '269 patent, and has, with knowledge of the '269 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '269 patent. Moreover, with knowledge of the '269 patent, Blueprint RF has provided products and components knowing that they, alone or as material components in combination with other components, infringe the '269 patent and has thereby contributed to others' infringement of the '269 patent. Blueprint RF has thereby infringed, actively induced others to infringe, and contributed to others' infringement of one or more claims of the '269 patent, including, for example, claim 1 of the '269 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), and (c). This infringement is currently ongoing. The products relating to Blueprint RF's infringement include Blueprint RF's Dominion gateways.

110.   Blueprint RF's testing of Dominion gateways as part of its development efforts, testing of Dominion gateways during installation at customer locations, and testing of Dominion gateways as part of its ongoing support for its customers, done in the United States, uses the captive portal feature of the Dominion gateways and thereby infringes, for example, claim 1 of the '269 patent in violation of 35 U.S.C. § 271(a). Blueprint RF's manufacture, sale, and offer for

sale in the United States of Dominion gateways with the captive portal feature also infringes for example, claim 1 of the '269 patent in violation of 35 U.S.C. § 271(a).

111.   Blueprint RF customers and guests of those customers use the captive portal feature of the Dominion gateways and thereby directly infringe, for example, claim 1 of the '269 patent in violation of 35 U.S.C. § 271(a).

112.   Blueprint RF induces those customers and guests to use the captive portal feature of the Dominion gateways, knowing that such use constitutes infringement of, for example, claim 1 of the '269 patent, and Blueprint RF thereby infringes those same claims in violation of 35 U.S.C. § 271(b).

113.   Blueprint RF offers to sell and sells in the United States or imports into the United States the Dominion gateways with the captive portal feature knowing that they are not staple articles of commerce suitable for substantial non-infringing uses, and knowing that they are especially made or especially adapted for use in infringement of the '269 patent and Blueprint RF thereby infringes those same claims in violation of 35 U.S.C. § 271(c).

114.   By no later than March 25, 2014, Nomadix had given Blueprint RF written notice of its infringement of the '269 patent.

115.   Blueprint RF's infringement of the '269 patent has been and continues to be deliberate and willful.

116.   Blueprint RF's infringement of the '269 patent will continue unless enjoined by this Court.

117.   Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix.  Due to Blueprint RF's infringement of the '269 patent Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

/ / /

/ / /

118.   Unless Blueprint RF is enjoined from infringing the '269 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF:

## INFRINGEMENT OF U.S. PATENT NO. 8,364,806

119.   For this claim, Nomadix incorporates paragraphs 1–54 of this Complaint.

120.   This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

121.   Without authority, Blueprint RF, through its agents, employees, and servants, has manufactured, used, promoted, offered for sale, and sold within the United States, and imported into and supplied in or from the United States, products and/or components covered by one or more claims of the '806 patent, and has, with knowledge of the '806 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '806 patent. Moreover, with knowledge of the '806 patent, Blueprint RF has provided products and components knowing that they, alone or as material components in combination with other components, infringe the '806 patent and has thereby contributed to others' infringement of the '806 patent.  Blueprint RF has thereby infringed, actively induced others to infringe, and contributed to others' infringement of one or more claims of the '806 patent, including, for example, claims 1 and 17 of the '806 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), and (c).   This infringement is currently ongoing.   The products relating to Blueprint RF's infringement include Blueprint RF's Dominion gateways.

122.  Blueprint RF's testing of Dominion gateways as part of its development efforts, testing of Dominion gateways during installation at customer locations, and testing of Dominion gateways as part of its ongoing support for its

customers, done in the United States, uses the captive portal feature of the Dominion gateways and thereby infringes, for example, claims 1 and 17 of the '806 patent in violation of 35 U.S.C. § 271(a).  Blueprint RF's manufacture, sale, and offer for sale in the United States of Dominion gateways with the captive portal feature also infringes for example, claim 1 of the '806 patent in violation of 35 U.S.C. § 271(a).

123.   Blueprint RF customers and guests of those customers use the captive portal feature of the Dominion gateways and thereby directly infringe, for example, claims 1 and 17 of the '806 patent in violation of 35 U.S.C. § 271(a).

124.   Blueprint RF induces those customers and guests to use the captive portal feature of the Dominion gateways, knowing that such use constitutes infringement of, for example, claims 1 and 17 of the '806 patent, and Blueprint RF thereby infringes those same claims in violation of 35 U.S.C. § 271(b).

125.   Blueprint RF offers to sell and sells in the United States or imports into the United States the Dominion gateways with the captive portal feature knowing that they are not staple articles of commerce suitable for substantial non-infringing uses, and knowing that they are especially made or especially adapted for use in infringement of the '806 patent and Blueprint RF thereby infringes those same claims in violation of 35 U.S.C. § 271(c).

126.   By no later than March 25, 2014, Nomadix had given Blueprint RF written notice of its infringement of the '806 patent.

127.   Blueprint RF's infringement of the '806 patent has been and continues to be deliberate and willful.

128.   Blueprint RF's infringement of the '806 patent will continue unless enjoined by this Court.

129.   Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement in an amount that is not presently known to Nomadix.  Due to Blueprint RF's

infringement of the '806 patent Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

130.   Unless Blueprint RF is enjoined from infringing the '806 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF:

### INFRINGEMENT OF U.S. PATENT NO. 8,788,690

131.   For this claim, Nomadix incorporates paragraphs 1–54 of this Complaint.

132.   This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

133.   Without authority, Blueprint RF, through its agents, employees, and servants, has manufactured, used, promoted, offered for sale, and sold within the United States, and imported into and supplied in or from the United States, products and/or components covered by one or more claims of the '690 patent, and has, with knowledge of the '690 patent, actively induced others to do the same while knowing that the induced acts constituted infringement of the '690 patent. Moreover, with knowledge of the '690 patent, Blueprint RF has provided products and components knowing that they, alone or as material components in combination with other components, infringe the '690 patent and has thereby contributed to others' infringement of the '690 patent.   Blueprint RF has thereby infringed, actively induced others to infringe, and contributed to others' infringement of one or more claims of the '690 patent, including, for example, claim 12 of the '690 patent, in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), and (c).   This infringement is currently ongoing.   The products relating to Blueprint RF's infringement include Blueprint RF's Dominion gateways and/or other network gateway devices and software that connect computers and mobile devices to networks.

134.   Blueprint RF's testing of Dominion gateways as part of its development efforts, testing of Dominion gateways during installation at customer locations, and testing of Dominion gateways as part of its ongoing support for its customers, done in the United States, uses the captive portal feature of the Dominion gateways and thereby infringes, for example, claim 12 of the '690 patent in violation of 35 U.S.C. § 271(a).  Blueprint RF's manufacture, sale, and offer for sale in the United States of Dominion gateways with the captive portal feature also infringes for example, claim 12 of the '690 patent in violation of 35 U.S.C. § 271(a).

135.   Blueprint RF customers and guests of those customers use the captive portal feature of the Dominion gateways and thereby directly infringe, for example, claim 12 of the '690 patent in violation of 35 U.S.C. § 271(a).

136.   Blueprint RF induces those customers and guests to use the captive portal feature of the Dominion gateways, knowing that such use constitutes infringement of, for example, claim 12 of the '690 patent, and Blueprint RF thereby infringes those same claims in violation of 35 U.S.C. § 271(b).

137.   Blueprint RF offers to sell and sells in the United States or imports into the United States the Dominion gateways with the captive portal feature knowing that they are not staple articles of commerce suitable for substantial non-infringing uses, and knowing that they are especially made or especially adapted for use in infringement of the '690 patent and Blueprint RF thereby infringes those same claims in violation of 35 U.S.C. § 271(c).

138.   Blueprint RF's infringement of the '690 patent has been and continues to be deliberate and willful.

139.   Blueprint RF's infringement of the '690 patent will continue unless enjoined by this Court.

140.   Blueprint RF has derived and received, and will continue to derive and receive, gains, profits, and advantages from the aforesaid acts of infringement

in an amount that is not presently known to Nomadix.  Due to Blueprint RF's infringement of the '690 patent Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

141.  Unless Blueprint RF is enjoined from infringing the '690 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

Nomadix respectfully prays for the following relief:

A.    an order adjudging Blueprint RF to have infringed each of the Asserted Nomadix Patents;

B.    a permanent injunction enjoining Blueprint RF, as well as its officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Blueprint RF, from infringing the Asserted Nomadix Patents;

C.    an accounting of all gains, profits, and advantages derived by Blueprint RF's infringement of the Asserted Nomadix Patents and an award of damages adequate to compensate Nomadix for that infringement;

D.    an order adjudging Blueprint RF to have willfully infringed the Asserted Nomadix Patents and declaring this to be an exceptional case;

E.    an order trebling damages and/or for exemplary damages because of Blueprint RF's intentional and willful conduct;

F.    an award of prejudgment and postjudgment interest and costs of this action against Blueprint RF;

G.    an award to Nomadix of its attorneys' fees incurred in connection with this action; and

/ / /

/ / /

/ / /

/ / /

H.      such other and further relief as the Court deems just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 19, 2014          /s/ Alan G. Laquer
                                  Douglas G. Muehlhauser
                                  Mark Lezama
                                  Alan G. Laquer
                                  Attorneys for Plaintiff
                                  NOMADIX, INC.